IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KAREEM ALI-X,

    Plaintiff,

v.                                       CASE NO. 3:16-cv-498-MCR-GRJ

PAMELA GILMORE,
et al.,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a handwritten pleading construed as a complaint, ECF No. 1, in the Middle District of Florida. Because the Complaint appeared to seek the production of certain documents relating to Plaintiff's criminal conviction in Santa Rosa County, the case was transferred to this Court. ECF No. 2. The Court ordered Plaintiff to file an Amended Complaint on the Court's form and to either pay the filing fee or file a motion for leave to proceed as a pauper. ECF No. 6. This case is now before the Court for consideration of Plaintiff's Amended Complaint, ECF No. 8, motion for leave to proceed as a pauper, ECF. No. 10, and motions for discovery, production of documents, and "status summary", ECF Nos. 11, 12, 13, 14. The Court finds that leave to proceed as a

pauper should be granted for the limited purpose of recommending that the case be summarily dismissed.[1]  Plaintiff's motions for discovery are due to be denied, and his motion for a "status summary" is mooted by this Report and Recommendation.

The Amended Complaint stems from Plaintiff's 2012 Santa Rosa County conviction of racketeering, for which Plaintiff is serving a 20-year sentence.  Plaintiff currently has a habeas corpus petition pending in this Court challenging the same conviction.  *See Ali-X v. Secretary, Dept. Of Corrections*, Case No. 3:16-cv-88-MCR-CAS, ECF No. 1 (Petition).  The named Defendants in this case are two "bank representatives" who Plaintiff alleges provided bank records to the State pursuant to a subpoena that was never offered into evidence at trial.  Plaintiff also names the State Attorney who prosecuted Plaintiff and two investigators with the State Attorney's office.  Plaintiff contends that Defendants violated his rights under the Fourth Amendment by using Plaintiff's bank records without a subpoena to obtain a conviction.  The only relief sought in the Amended Complaint is an order requiring Defendants to produce the subpoena

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee.  28 U.S.C. § 1915(a)(b)(1).  As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

served on financial institutions in his underlying criminal case.

Plaintiff's claim that his conviction was obtained in violation of his Fourth Amendment rights is not properly asserted by way of a civil rights complaint. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

It is clear that Plaintiff's claim implicates the validity and constitutionality of his present conviction on racketeering charges. This conviction is already the subject of a pending habeas corpus case. Plaintiff has asserted in his pending habeas corpus case that evidence was admitted at trial in violation of his Fourth Amendment rights, and the State has been ordered to file a response to Plaintiff's petition which will include the state court record underlying the conviction. To the extent that the subpoena copy sought by Plaintiff is part of his underlying state criminal case record, it will be produced in the habeas corpus case when the State files its response, which is presently due on March 27, 2017. *See Ali-X*, Case No. 3:16-cv-88-MCR-CAS, ECF No. 30. Further, to the extent that the subpoena Plaintiff seeks is not produced, the rules governing federal

*Page 4 of 4*

habeas corpus proceedings provide for discovery under appropriate circumstances, with leave of Court.  *See* Rule 6, Rules Governing Section 2254 Cases.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for leave to proceed as a pauper, ECF No. 10, is **GRANTED.**

2.  Plaintiff's motion to produce documents, ECF No. 11, and motions for discovery, ECF. Nos. 12 and 13, are **DENIED.**

3.  Plaintiff's motion for "status summary" is **MOOT.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, this 2nd day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.